WILLIAM E. BROWN *vs.* IDA M. BROWN.

MAY 10, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.  This petition for divorce was brought in the superior court by William E. Brown on the ground that he and his wife had lived separate and apart for a period of ten years.  The petition was granted and, with the consent of the petitioner, the respondent was awarded alimony of $175 a month.  A final decree to this effect was duly entered in the superior court on May 28, 1937.  It is in the discretion of the trial justice to grant a divorce on this ground, and to award alimony.  G. L. 1923, chap. 291, sec. 3.

On September 2, 1938, the petitioner filed a petition in the superior court, praying that this decree be modified by reducing such alimony to a sum which would be commensurate with his ability to pay.  He alleged in his petition that his circumstances had materially changed since the entry of the decree and that he was no longer able to pay the respondent $175 a month.  After hearing before a justice of the superior court who did not hear the original petition for divorce, a decree was entered in that court reducing the

alimony to the sum of $100 a month. From this decree the respondent has prosecuted an appeal to this court.

The respondent contends that the evidence adduced "did not warrant any such reduction." She urges this court to reverse the decree appealed from by increasing the alimony therein awarded. The respondent, however, admits that some reduction in the amount of the original award may be justified.

Ordinarily a decision of the superior court on a petition to reduce alimony is final and will not be reversed, unless it is clearly wrong. Where the trial justice has properly performed his duty, this court will not undertake, in such a case, to weigh the evidence and determine what amount is reasonable and proper. The fact that the evidence would reasonably warrant a somewhat smaller reduction than that made by the trial justice will not, of itself, be sufficient to disturb his decision. However, if it appears that he has not independently appraised the evidence of the petitioner's present ability to pay the original alimony, or that his decision bears no reasonable relation to the evidence, we will examine the evidence to determine what amount is fair and equitable in view of the petitioner's altered circumstances.

In the instant case the respondent contends that the trial justice did not find from the evidence what amount the petitioner could pay but instead accepted his statement that all he could pay was $100 a month. She further contends that the decision of the trial justice is clearly wrong, because there is no evidence that the petitioner was able to pay only that amount. On the contrary she contends that the evidence shows that the petitioner can pay a much greater sum and that, this being so, it was error to reduce the original award of alimony more than was necessary to meet the petitioner's altered circumstances as disclosed by the evidence.

The superior court has jurisdiction to modify executory provisions for alimony in a consent final decree. *Prosser* v.

*Prosser,* 51 R. I. 58; *Ward* v. *Ward,* 48 R. I. 60. A party who has been awarded alimony is not entitled to have the original award continued, if it has since become unjustly burdensome to the other party, but is entitled only to an amount which is fair and equitable. *Brown* v. *Brown,* 48 R. I. 420. The burden, however, is on the moving party in such a proceeding as the instant one to show that the amount originally awarded, and to which he consented, is unjustly burdensome and inequitable to him, and to what extent.

The petitioner here sought to discharge this burden by showing that his salary had been reduced about 12½%; that other income which he was receiving at the time of the original award had been greatly reduced; that he had remarried and increased his necessary living expenses; and that he had purchased a new home which required a monthly payment of $55.30 under a federal housing administration mortgage in the amount of $7700. He also testified that certain bonuses, which he had been receiving in addition to his salary, were substantially smaller and would probably never again amount to the sums which he received in the year before he was divorced. In addition he showed that he was paying $20 monthly toward the support of his dependent mother. Whether or not he was making such payments at the time he consented to the original award of alimony does not appear.

The respondent did not offer evidence to contradict petitioner's testimony but sought to show that, after disregarding some items of expense, which were not properly deductible in determining the present ability of the petitioner to pay the original award of $175 a month, the petitioner was amply able to pay that sum without reduction or at least with only a slight reduction.

It appears from the transcript that there was considerable evidence for the trial justice to weigh and consider before he could decide that the petitioner was justly entitled to a

reduction. And if he did decide that issue in favor of the petitioner, there was further need for him, before making any reduction, to weigh carefully all the evidence as to the extent of the diminution of the petitioner's property and income and the amount and necessity of his increased expenses.

The trial justice does not appear to have fully performed this duty. The transcript discloses that he did not exercise his independent judgment in determining how much he should reduce the original award but accepted the judgment of the petitioner, who testified that "a hundred dollars a month is all I can pay." Clearly the trial justice could not have weighed the evidence before accepting petitioner's statement of his ability to pay, as the evidence does not support that statement.

Certain expressions of the trial justice during the course of the hearing show that he felt that the petitioner's statement should be accepted at its face value, unless the respondent could show that the petitioner was able to pay more. Of course in this proceeding the burden was upon the petitioner to prove to what extent the original award of alimony was unjust and burdensome to him; and it was not for the respondent to show what the petitioner could pay.

At the conclusion of the direct examination of the petitioner, the following occurred: "The Court: How much can you afford to pay your wife now? You know the figures as well as I do. Witness: I feel this way.... The Court: She is your wife and there must be some provision made for her but I do not mean that you shall be robbed. . . . Witness: I figure that a hundred dollars a month is all I can pay, and that would allow me some chance to save some money. The Court: Would you allow her a hundred dollars a month? Witness: I would be glad to. The Court: Now you can cross-examine. He is willing to allow a hundred dollars a month."

Then later, after the petitioner had been thoroughly

cross-examined, the court interjected: "I am keeping in mind that Mr. Brown says he can pay one hundred dollars a month. There has been no evidence yet to change my mind." Near the conclusion of the petitioner's cross-examination, the court again expressed an opinion as follows: "He can just afford to pay a hundred dollars a month and that is what I am going to rule."

At the conclusion of the evidence the trial justice gave his decision from the bench in the following words: "I don't see how this man can give this woman any more than a hundred dollars a month. I think that is a pretty good allowance. You may enter a decree accordingly and I will allow you an exception. Of course there is a difference of opinion but I do not see how he can do it. They are just going to pick the goose, that's all."

In view of this state of the record, we are of the opinion that this decision is not entitled to the weight usually accorded to a decision of a trial justice in a case of this kind. For this reason we must consider the evidence and determine as best we can therefrom how much reduction should be made in the original award of alimony in order to make it fair and equitable in the light of the altered circumstances of the petitioner.

There is no question that the evidence shows an alteration in his circumstances that makes it unjustly burdensome for him to be compelled to pay the respondent $175 a month. However, there is no proof that he is able to pay only $100 a month. That amount is merely what he is willing to pay and what he feels he can safely pay, considering what may confront him in the future. As long as he continues in his present circumstances, he can pay, and should pay more. If later there is a further change for the worse in his circumstances, he may at that time again apply to the superior court for a further reduction of the award of alimony.

Bearing in mind the reduction in petitioner's salary and his other income, and after carefully weighing his present legitimate obligations, both to his second wife and to his mother, we are of the opinion that he ought to be required to pay the sum of $135 a month to the respondent. This amounts to a reduction of more than 22% in the original award of alimony and it fairly compensates the petitioner for a 12½% reduction in his salary, a certain shrinkage in the size of his bonus payments, loss of other income, and also for some additional expenses incident to the purchase of his new home; but not all of the latter, as a portion of such alleged expenses are in reality payments representing additions to capital and properly allocable as such.

The monthly payment of $55.30 on the F. H. A. mortgage on petitioner's new home is one such item, a part of which is applicable to reduction of the principal of the mortgage and, as such, it increases as the years go by. The fact that the petitioner placed the title to this property in his second wife's name does not warrant his claiming this payment as an item of expense toward her support. We must look upon the purchase of this home as a capital investment for his own benefit as well as that of his wife and therefore a part, although perhaps a small part at first, of the $55.30 monthly payment must be deemed a saving rather than an expense. This part, which is a saving, will grow with each succeeding year. However, we have not considered such future growth in fixing our award for the respondent but have given the petitioner the benefit of this fact. By doing so we feel that, in the long view, it will redound to the benefit of the respondent by making it easier for the petitioner to meet his obligations and by giving him a stronger sense of security, thus enabling him to give his best efforts to his present employment and thereby to retain that employment. Whatever endangers the continuance of that employment and salary endangers likewise the allowance which she receives by decree of this court.

For the reasons stated, the decree of the superior court is reversed to the extent above noted, and the appeal of the respondent is sustained.

The parties may appear before this court on May 19, 1939, and present a form of decree, in accordance with this opinion, for entry in the superior court.

*Walling & Walling, Everett L. Walling,* for petitioner.
*Hoyt W. Lark, Hart, Gainer & Carr,* for respondent.